UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKY BRIDGEMAN,

        Plaintiff,

v.

JEFF TANNER, et al.,

        Defendants.

_____/

Case No. 2:25-cv-12233

HONORABLE STEPHEN J. MURPHY, III

## OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT

Plaintiff Ricky Bridgeman file a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at the Macomb Correctional Facility. He sued the Warden of his facility, Jeff Tanner, and three other MDOC officials, and challenged the conditions of his confinement that related to his status as an STG II (Security Threat Group) inmate. For the reasons below, the Court will summarily dismiss the complaint.

### BACKGROUND

The Court interprets the complaint, that is difficult to decipher, to challenge Plaintiff's designation as an STG II inmate and his ability to further challenge the designation within the MDOC. And Plaintiff appears to want relief for some injuries he suffered from the designation. Though Plaintiff makes passing reference to several possible legal bases for his claims, the Court interprets the complaint as chiefly raising Fourteenth Amendment Due Process and Eighth Amendment Cruel and Unusual Punishment claims. *See generally* ECF No. 1.

1

Plaintiff's reference to his STG status relates to his designation as part of a security threat group. MDOC Policy defines STG status as "a group of prisoners designated by the Director as possessing common characteristics that distinguish themselves from other prisoners or groups of prisoners and that, as an entity, pose a threat to staff or other prisoners or to the custody, safety and security of the facility." Security Threat Groups, Mich. Dep't of Corr. Policy Directive 04.04.113(B) (eff. Sept. 18, 2023).[1]

A prisoner may be designated as "STG I" by the local STG Coordinator if there is sufficient documentation of the prisoner's membership in a STG and the prisoner fails to make a credible renunciation of his membership. *Id.* at 04.04.113(S). A prisoner may be designated an "STG II" if: (1) he is an STG I member and is found guilty of a major misconduct related to his STG activity, (2) was previously an STG I member, and currently presents a threat to prisoners or staff due to STG activities, or (3) is identified as a leader, enforcer, or recruiter in an STG. *Id.* at 04.04.113(W).

A prisoner designated as an STG II member must be housed in security level IV or higher. *Id.* at 04.04.113(Z). Restrictions on STG II members include: (1) maximum of two non-contact visits per month; (2) required approval by the EMS manager for participation in Reception and Guidance Center or Parole Board recommendations; (3) prohibited from attending prisoner group meetings except for

---

[1] The Court may take judicial notice of MDOC's policy directives under Fed. R. Evid. 201(b). *See Toth v. Grand Trunk R.R.*, 306 F.3d 335, 349 (6th Cir. 2002) ("Administrative regulations fall within the category of facts 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'").

2

approved religious services; (4) prohibited from participation in group leisure time activities, except for yard or dayroom; (5) weekly cell searches; (6) out-of-cell movement not to exceed one hour per day, with limited exceptions; (7) inability to receive a friends and family package; and (8) inability to send J-Pay Messages. *Id.* at 04.04.113(CC).

With that background in mind and because it is difficult to understand, the Court will restate the portions of Plaintiff's complaint in which he attempts to provide legal or factual substance:

> Basis for Jurisdiction:
>
> Plaintiff believe that his state and federal protected rights has been violated by state actions acting under color of state and territorial laws violative of statutory (ADA) 42 USC 12101-12213 / violative of (RA) Rehabilitation Act seeking to improve a criminal character. Amend 1. Accord Amend 4. The right of the person to be secure in their persons from arbitrary and retaliatory capricious acts violative of his equal protections of laws Art 1 and 2 and the ensuing of cruel and unusual punishment 8th Amend / the enumeration of violations Amend 9 / and 14th Amend.

ECF No. 1, PageID.4.

> Plaintiff claiming the unconstitutional vagueness of STG policy directive 04.04.113 of a penal legislative provision so unclear and indefinite as not to give a person / plaintiff of ordinary intelligence the opportunity to know what is prohibited, restricted or required. Of a statute impermissibly delegating basic policy matters to administrators and judges to such a degree as to lead to arbitrary and discriminatory applications delegated by Wardens and "STG Coordinators" (which defers free expression) giving chilling effects which is of a constituent relation of Dept. policy after a discharging inmate whom returned as new commitment 7 years [illegible word] from expiring retention period.

*Id.* at PageID.5.

Statement of Claim:

3

> Addressing either defendant as a policy maker or ensurance that procedures are developed as necessary to implement requirements set forth in policy directives (fiduciary positions). Plaintiff right to due process having both a liberty and property interest. As violative of his own practices AR. 791-718 Administrative Rule inmate rights. A protection from all that would constitute a civil or a criminal violation. (personal abuse) (property damage) (personal injury) (corporal punishment) (harassment) (retaliatory acts) and the unlawful STG #2 status that has harmed plaintiff physical health, weight gain and lost affecting his mental health has caused plaintiff to be come very stress and depressed, continuing headaches and hyperventilation, constant worry a lot of future, hearing voices from being isolated 23 hours a day as to cause more mental anguish being diagnosed with severe depression and anxiety, fluctuating weight gain and lost from deprivation of exercising due to being only given 1 hour of yard a day. Choosing between communicating with my family deprivation of family support toward a rehabilitative goal away from criminality. Given only five phone calls a week. (No J-Pay communication) and only being allowed two 1 hour non-contact visits a month. No contact with significant other children, mother, mother of children creates a hardship.

*Id*. at PageID.7.

## LEGAL STANDARD

The Prison Litigation Reform Act ("PLRA") allows a court to dismiss a prisoner complaint if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010) (citing 28 U.S.C. § 1915(e)). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The dismissal standard under the PLRA is equivalent to that of Federal Rule of Civil Procedure 12(b)(6). *See Hill v. Lappin*, 630 F.3d 468,

4

470–71 (6th Cir. 2010). While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## DISCUSSION

The Court understands Plaintiff to be challenging his continued designation as a STG II inmate and the restrictions that follow from the designation. Specifically, he appears to challenge MDOC policies related to how he was designated as s STG II inmate and his inability to change that designation within the MDOC. He asserts that he has suffered various injuries as a result from the designation.

To prove a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that the defendant acted under color of state law and the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

I. <u>Lack of Allegations Against Named Defendants</u>

As an initial matter, a plaintiff must plead factual allegations attributable to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim).

Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to pro se complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (affirming dismissal of a complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of the plaintiff's claims where the complaint did not allege with any degree of specificity how the defendants were "personally involved in the alleged deprivation of federal rights").

Plaintiff named four Defendants, but the complaint is devoid of factual allegations connecting the named Defendants to the allegedly illegal conduct. He does not assert facts that demonstrate that any Defendant was responsible for his STG II designation, and whether any Defendant violated his rights by failing to review or alter the designation. Because Plaintiff's claims fall far short of the minimal pleading standards, he failed to state a claim against any of the named Defendants.

## II. Fourteenth Amendment Due Process

Furthermore, Plaintiff appears to claim that his designation as STG II and his inability to change that designation violate his Fourteenth Amendment right to due process.

"The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law." *Bazzetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To establish a Fourteenth Amendment procedural due process violation, a plaintiff must show that one of these interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).

The Due Process Clause does not protect a prisoner against every change in the conditions of confinement. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). To show that a constitutionally protected liberty interest is at stake, a prisoner must demonstrate that a state-imposed prison disciplinary rule "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Here, Plaintiff does not have a protected liberty interest in the procedures affecting his classification as a STG II inmate because the resulting restrictions, though harsh, do not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 486. It is well established that a prisoner has no constitutional right to be incarcerated in a particular facility or to be held in a specific security classification. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Meachum*, 427 U.S. at 224.

7

Relying on *Sandin*, the Sixth Circuit has held that a Michigan prisoner cannot claim a liberty interest in his designation as an STG inmate. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005) (concluding that a Michigan prisoner's designation as an STG member "fits well within" *Sandin*). Because Plaintiff does not have a liberty interest in a particular security level or classification, he failed to state a due process claim.

III. <u>Eighth Amendment</u>

Plaintiff also argued that the conditions of his STG II designation constitute cruel and unusual punishment under the Eighth Amendment.

Under the Eighth Amendment, punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Amendment prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (*per curiam*) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998).

The Eighth Amendment prohibits "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348. But "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. "[R]outine discomfort is 'part of the

8

penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id*.

Plaintiff failed to state a claim under the Eighth Amendment premised upon his STG II designation. While Plaintiff may have been denied certain privileges as an STG II inmate, he did not allege any facts suggesting that Defendants denied him basic human necessities. Plaintiff argued that he has restricted communication and visits with his family, that he is confined to his cell twenty-three hours per day, and that he is allowed only one hour per day of outdoor exercise. ECF No.1, PageID.7. The Sixth Circuit has held, however, that without a showing that basic human needs are not being met, the denial of privileges as a result of administrative segregation or classification status does not establish an Eighth Amendment violation. *See Evans v. Vinson*, 427 F. App'x 437, 443 (6th Cir. 2011); *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008). The restrictions placed on Plaintiff under STG II, as alleged, did not deny him basic human necessities. *See McKinney v. Smith*, No. 1:18-CV-603, 2018 WL 3197434, at *8 (W.D. Mich. June 29, 2018) (dismissing Eighth Amendment claim by a prisoner with STG II classification because the plaintiff did not show that basic human needs were not met). As a result, Plaintiff failed to state an Eighth Amendment claim regarding his classification as an STG II member.

## CONCLUSION

For the foregoing reasons, the Court will summarily dismiss Plaintiff's complaint. Finally, Plaintiff may not appeal *in forma pauperis*, because an appeal from this Order would be frivolous and not taken in good faith. See 28 U.S.C. § 1915(a)(3).

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's complaint [1] is **DISMISSED WITH PREJDUICE**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel [3] is **DENIED AS MOOT**.

This is a final order that closes the case

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: October 20, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 20, 2025, by electronic and/or ordinary mail.

s/ R. Loury
Case Manager